**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monique M. Williams, | No. CV-08-1297-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brought this action seeking review of the Social Security Administration's conclusion that she is not disabled and decision denying benefits under the Social Security Act. The court has before it plaintiff's opening memorandum (doc. 21), defendant's answering brief (doc. 25), and plaintiff's reply brief (doc. 27).

I.

On April 23, 2003, plaintiff filed applications for disability benefits under Title II and Title XVI of the Social Security Act alleging disability since November 30, 2001. The Appeals Council twice remanded the decision by the Administrative Law Judge ("ALJ") for further review. This case now seeks review of a December 28, 2007 decision by the ALJ, again concluding that plaintiff is not disabled.

The ALJ determined that plaintiff has severe impairments of cognitive disorder (not otherwise specified), depression, and borderline personality traits. Tr. 41. Finding numerous inconsistencies in plaintiff's account of disabling limitations, the ALJ found that plaintiff's allegations that she is unable to perform any work are not credible. Tr. 43-49. Plaintiff does not appeal this finding.

The ALJ concluded that plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, but with certain non-exertional limitations. Specifically, the ALJ concluded that plaintiff needs clearly defined tasks and responsibilities, with limited public interaction, no multi-tasking, and close supervisor support. Tr. 43. The ALJ determined that plaintiff is capable of performing simple, repetitive work, but should avoid production line-type work. Tr. 43. Based on testimony by the vocational expert, the ALJ concluded that plaintiff is unable to perform any of her past relevant work, but that jobs exist in significant numbers in the national economy that she can perform, such as janitor, laundry worker, and dishwasher. Tr. 54-55. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 55. The ALJ's decision denying benefits became the final decision of the Commissioner when the Appeals Council denied review on May 16, 2008. Plaintiff then initiated this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**II.**

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rationale interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

**A.**

Plaintiff first argues that the ALJ improperly weighed the opinions of various medical experts, including medical opinions that pre-date her alleged disability onset date of November 30, 2001. She contends that the ALJ failed to consider an August 3, 1994 report

by Dr. Jim Johnson, in which Dr. Johnson, states that plaintiff "meets conditions for disability," Tr. 568, but nevertheless recommends that she participate in a "job-hardening program." Tr. 569-70, 966. Plaintiff also challenges the ALJ's failure to discuss Dr. Johnson's December 15, 1998 report, in which he suggested an "approach to job placement that includes tension reduction strategies." Tr. 294. Notwithstanding Dr. Johnson's ambiguous and contradictory statements concerning plaintiff's ability to work, plaintiff was able to earn significant income in the years following those assessments, including as much as $20,000 in 1999. Tr. 124. The ALJ's failure to discuss immaterial evidence does not constitute ground for remand.

For similar reasons, we reject plaintiff's argument that this case must be remanded because the ALJ failed to expressly consider a June 2000 report from Donna Wicher, Ph.D., in which she stated that given plaintiff's difficulty with attention and concentration, it is unlikely that she could successfully seek and maintain gainful employment. Tr. 576. Despite Dr. Wicher's assessment that "at present" it was unlikely that plaintiff could sustain work, she subsequently earned $9,760.50 in 2001. Tr. 124. This evidence does not establish that plaintiff was disabled during the relevant time frame.

**B.**

Plaintiff next argues that the ALJ erred in discounting the opinion of Dr. Anthony Bottone because it was based on an experimental technique, known as SPECT, that uses brain imaging to diagnose psychiatric disorders. Tr. 41. Although plaintiff acknowledges the experimental nature of the SPECT imaging technique, she contends that Dr. Bottone's opinion was also based on a "clinical history and interview, mental status exam, [and] checklists." Tr. 1024.

A medical source's opinion is given significant weight only if it is based on "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2). The SPECT test was a central component of Dr. Bottone's evaluation and was inextricably integrated into his diagnostic conclusions. The ALJ did not err in

1 | discounting those conclusions based on the undisputed experimental nature of the diagnostic
2 | techniques.

**C.**

Plaintiff also contends that the ALJ erred in discounting Dr. Nancy Bryant's statements that plaintiff's cognitive disorder has undermined her work success, Tr. 1047, and that other medical experts are not likely to understand the severity of plaintiff's limitations, Tr. 1044. Dr. Bryant also opined, however, that plaintiff suffers from dementia, Tr. 1046, which the ALJ determined, and plaintiff appears to concede, is wrong. Tr. 41, 1242-43. Moreover, Dr. Bryant's statement that other medical experts are likely to underestimate the severity of plaintiff's limitations is based, at least in part, on the experimental SPECT testing conducted by Dr. Bottone. Tr. 1044.

Dr. Bryant did not opine that plaintiff's impairment renders her unable to work. Although she stated that finding an appropriate job setting for plaintiff may be difficult, she nevertheless concluded that plaintiff "is potentially capable of employment." Tr. 1046. Dr. Bryant also found that plaintiff has normal intelligence, a variety of intact skills, and a Global Assessment of Functioning score of 60, which is indicative of only moderate symptoms. Given the internal inconsistencies and errors in Dr. Bryant's opinion, we conclude that the ALJ properly evaluated and discounted Dr. Bryant's opinion.

**III.**

Plaintiff next contends that the Appeals Council erred in denying her request for review without addressing the new evidence that she submitted after her hearing. The Appeals Council, however expressly stated that it considered plaintiff's new evidence and concluded that it "does not provide a basis for changing the Administrative Law Judge's decision." Tr. 15, 18. None of the new evidence contains medical opinions of disability and is largely repetitive of evidence already in the record. The Appeals Council did not err in concluding that the new evidence did not warrant a remand to the ALJ.

**IV.**

We also reject plaintiff's argument that the ALJ committed reversible error in failing to expressly ask the vocational expert if his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). The ALJ told the vocational expert that "unless you tell me otherwise I am going to assume your answers are consistent with the Dictionary of Occupational Titles." Tr. 1249. In doing so, the ALJ required the vocational expert to alert the ALJ to any conflict with the DOT. This sufficiently satisfies the ALJ's duty under Social Security Rule 00-4p to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence" and the DOT.

Moreover, plaintiff's suggestion that a conflict existed because the definition of "kitchen helper" does not meet the plaintiff's hypothetical limitations is without merit. The vocational expert identified "dishwasher" as a job that plaintiff could perform, not kitchen helper.

**V.**

Finally, plaintiff contends that the ALJ improperly rejected lay witness statements. The ALJ found that the lay opinions of David Williams, plaintiff's father, and Jon Tomasi, plaintiff's friend, essentially repeated plaintiff's allegations. Tr. 50. As we previously noted, the ALJ concluded that plaintiff's allegations of disabling limitations were not credible. Plaintiff did not challenge this conclusion. Therefore, the lay witness statements repeating plaintiff's allegations are not persuasive evidence.[1]

Plaintiff also contends that the ALJ improperly weighed lay witness statements by former employers. However, the ALJ acknowledged that plaintiff is unable to return to her past work, and further incorporated limitations identified by these employers into plaintiff's residual functional capacity assessment. Tr. 52.

**VI.**

---

[1] Plaintiff argues for the first time in her reply brief that the ALJ ignored the lay witness statement by Irma Williams, plaintiff's mother. Although we will not consider arguments raised for the first time in a reply, we note that the ALJ in fact considered statements submitted by both of plaintiff's parents. Tr. 52.

- 5 -

1     Based on the foregoing, we conclude that substantial evidence in the record supports
2 the ALJ's conclusion that plaintiff is not disabled.
3     Therefore, **IT IS ORDERED AFFIRMING** the Commissioner's decision denying
4 benefits.
5     DATED this 18th day of September, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge